IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MISCELLANEOUS WAREHOUSEMENS           )
LOCAL 781 HEALTH & WELFARE FUND,      )
                                      )
            Plaintiff,                )
                                      )     CIVIL ACTION 18 CV 7408
    vs.                               )
                                      )     NO. 18 CV 7408
NEMETH GLASS ILLINOIS, INC.,          )
an Illinois corporation; and          )     JUDGE GARY FEINERMAN
JERRY L. NEMETH, individually,        )
                                      )     MAGISTRATE SUSAN E. COX
            Defendants.               )

## ANSWER TO COMPLAINT

NOW COMES the Defendants, NEMETH GLASS ILLINOIS, INC. and JERRY L. NEMETH (the "Defendants"), by and through their attorneys, Gregory K. Stern, P.C., and in support of their Answer to Plaintiff's Complaint, the Defendants state as follows:

**COUNT I**
**(Under ERISA and Against NEMETH GLASS)**

1.      This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

ANSWER:    The Defendants admit the allegations contained in Paragraph 1 of the Complaint.

2.      Plaintiff, MISCELLANEOUS WAREHOUSEMEN'S LOCAL 781 HEALTH & WELFARE FUND, is an "employee welfare benefit fund," and "plan," within the meaning of ERISA, administered by a Board of Trustees within this District and Division.

ANSWER: The Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3.      Defendant, NEMETH GLASS ILLINOIS, INC., is an Illinois corporation with its principal place of business in Cook County, Illinois.

ANSWER: The Defendants admit the allegations contained in Paragraph 3 of the Complaint.

4.      On information and belief, Defendant, JERRY L. NEMETH, is the majority shareholder and principal officer of Nemeth Glass.

ANSWER: The Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5.      Nemeth Glass has been signatory to a series of collective bargaining agreements with Teamsters Local 781, obligating it to report and pay fringe benefit contributions to the Fund on behalf of employees performing covered work.

ANSWER: The Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6.      Under the collective bargaining agreement, Agreement and Declaration of Trust and Plaintiff's Employer Contribution Collection Policy, Defendant is specifically required to do the following:

(a)     To submit to Plaintiff for each month a report identifying each and every person on whose behalf contributions are required to be made by Defendant to Plaintiff; or, if no such persons are employed for a given month, to submit a report so stating;

(b)     To accompany the aforesaid reports with payment of contributions in the amount required by the collective bargaining agreement, due by the 15th day of the month following the month in which the work was performed; contributions are deemed

2

delinquent if not received by the last day of the month following the month in which the work was performed;

(c)     To pay interest on late or unpaid contributions at the rate of 1.5% per month as set by the Trustees, from the date when the payment is deemed delinquent to the date when the payment is made, together with all expenses of collection incurred by the Trustees, including, but not limited to, court costs and attorneys' fees;

(d)     To compensate Plaintiff for the additional administrative costs and burdens imposed by untimely payment of contributions by payment of liquidated damages at the rate of 5% per month on all amounts paid late or remaining unpaid, or, alternatively, once the matter has been referred to legal counsel for collection, in an amount equal to the higher of interest on the late or unpaid contributions or 20% of the late or unpaid contributions;

(e)     To furnish to the Trustees, if requested, a statement showing (1) whether the organization is a corporation and, if so, the names of all of its officers; or (b) if not a corporation, a certificate stating that it is either a partnership or an individual proprietorship and the names of the partners or the name of the individual proprietor;

(f)     To make all of its payroll books and records available to Plaintiff to verify the accuracy of Defendant's past reporting, upon request made by Plaintiff, and to pay the costs of such audit if it is determined that Defendant owes an amount in excess of 5% of all contributions due during the audit period;

(g)     If assessed liquidated damages, to deposit on demand of the Trustees an advance payment guarantee in an amount not to exceed three times Defendant's monthly contributions, as estimated by the Trustees;

(h)     To pay any medical or hospital claims incurred by its employees during any delinquency.

ANSWER:     The Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 6 of the Complaint, and therefore deny the allegations and demand strict proof thereof.

7.     Defendant is delinquent and has breached its obligations to Plaintiff in that it has failed to pay all contributions to Plaintiff due to date.   Defendant further owes liquidated damages

and interest on contributions previously paid late, or remaining unpaid.

ANSWER: The Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8. That upon careful review of all records maintained by them, the precise amounts due from Defendant to Plaintiff are unknown and are subject to the possibility that additional amounts may come due during the pendency of this lawsuit.

ANSWER: The Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 8 of the Complaint, and therefore deny the allegations and demand strict proof thereof.

9. Plaintiff has requested that Defendant perform its obligations as aforesaid, but Defendant has failed and refused to so perform.

ANSWER: The Defendants admit the allegations contained in Paragraph 9 of the Complaint.

10. Defendant's continuing refusal and failure to perform its obligations to Plaintiff is causing and will continue to cause irreparable injuries to Plaintiff for which Plaintiff has no adequate remedy at law.

ANSWER: The Defendants deny the allegations contained in Paragraph 10 of the Complaint.

## COUNT II
### (State law claim to enforce Settlement Agreement against both Defendants)

11. The allegations in paragraphs 2 through 10 are incorporated by reference.

ANSWER: The Defendants answers to the allegations in paragraphs 2 through 10 are

4

incorporated herein.

12.     On August 5, 2014, Plaintiff filed suit against Nemeth Glass in the Northern District of Illinois, Case No. 14 C 6012.

ANSWER:     The Defendants admit the allegations contained in Paragraph 12 of the Complaint.

13.     On May 19, 2015, Plaintiff entered into a settlement agreement with Nemeth Glass and Jerry Nemeth, a true and correct copy of which is attached hereto as Exhibit A.

ANSWER:     The Defendants admit the allegations contained in Paragraph 13 of the Complaint.

14.     The Settlement Agreement was subsequently modified by two Addenda, true and correct copies of which are attached hereto as Exhibits B and C.

ANSWER:     The Defendants admit the allegations contained in Paragraph 14 of the Complaint.

15.     Defendants failed to make all payments required by the Settlement Agreement, as modified by the Addenda, and are therefore in breach of the Settlement Agreement.

ANSWER:     The Defendants admit the allegations contained in Paragraph 15 of the Complaint.

16.     Defendants owe Plaintiff a total of $71,973.83 as of November 1, 2018 under the Settlement Agreement, with interest continuing to accrue at the rate of 18% per year.

ANSWER:     The Defendants admit a default, but are without sufficient information to admit or deny the allegations contained in Paragraph 16 of the Complaint, and therefore deny the

allegations and demand strict proof thereof.

WHEREFORE, Defendants requests that this Court enter an Order denying the relief requested in the Plaintiff's Complaint and for such other further relief as this Court deems just.

by _____/s/ Gregory K. Stern_____
Gregory K. Stern

Gregory K. Stern, P.C.
Gregory K. Stern (Atty. ID #6183380)
Rachel S. Sandler (Atty. ID #6310248)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558